# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILLARD F. BREHM, Trustee of the Willard F. Brehm Trust, and GLADYS M. BREHM, Trustee of the Gladys M. Brehm Trust, ALVENA T. FROST, ALVENA T. FROST, Trustee of the Alvena T. Frost Trust, ARLIN STUTHEIT, RICHARD HAUBERG, ELAINE HAUBERG, and GARY RADEMACHER and PAMELA RADEMACHER, on behalf of themselves and all others similarly situated,** | ) ) ) ) ) ) ) ) ) ) ) **8:07CV254** ) ) **CORRECTED[1]** ) **ORDER** |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **CAPITAL GROWTH FINANCIAL, INC., REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., CAPITAL GROWTH EQUITY FUND I, LLC, ALAN JACOBS, MICHAEL JACOBS, GERALD, PARKER, JOHN BOYCE, GERALDINE MAGALDINCK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

This matter is before the court on the plaintiffs' Motion To Extend Response Deadlines And For Leave To Conduct Jurisdictional Discovery (Filing No. 47). The plaintiffs filed a brief (Filing No. 48) and index in support of the motion (Filing No. 49). No other parties to this action filed a response to this motion.

---

[1] Due to a clerical error, the dates in paragraph 3 of the order are in error. The dates should be for 2008 instead of 2007.

The plaintiffs move the court for an order granting an extension of time to file their brief and evidence index in opposition to the Defendant Stark Winter Schenkein & Co. L.L.P.'s Motion to Dismiss (Stark Winter) (Filing No. 22). Specifically, the plaintiffs request an extension of twenty (20) days to complete jurisdictional discovery before being required to respond to Stark Winter's Motion to Dismiss.

The plaintiffs state that they cannot prepare an adequate response to the motion to dismiss without developing a full factual record and that the facts relied upon by Stark Winter in support of its motion do not provide sufficient basis for the Court to decide the motion. The plaintiffs wish to serve interrogatories and requests for production of documents upon Stark Winter pertaining solely to personal jurisdiction issues. The plaintiffs further request that the court require Stark Winter to respond to the interrogatories and requests for production of documents within thirty (30) days without extension. At the expiration of the thirty (30) day period, the plaintiffs request that they be given ten (10) days to analyze Stark Winter's discovery responses. At the expiration of this time period and if the plaintiffs deem it necessary, the plaintiffs request Stark Winter be required to produce a 30(b)(6) witness for examination limited to specific topics concerning minimum contacts with Nebraska. The plaintiffs also request that Stark Winter be required to produce such witness in Denver, Colorado at Stark Winter's attorney's office, from the period of 40-60 days after the service of the initial discovery.

Once the plaintiffs' personal jurisdiction discovery is completed (including receipt of the deposition transcript), the plaintiffs request an additional twenty (20) days to review the discovery responses and then file the plaintiffs' brief and evidence index in opposition to Stark Winter's Motion to Dismiss for Lack of Personal Jurisdiction. In the alternative, if the plaintiffs' discovery request is denied, the plaintiffs request an extension on their deadline to file a brief and evidence index in opposition to Stark Winters' Motion to Dismiss until twenty (20) days after the denial of the Motion for Leave to Conduct Jurisdictional Discovery.

The plaintiffs also request that if the court denies the plaintiffs' discovery requests and determines that Stark Winter's Motion to Dismiss should be granted, the plaintiffs request that rather than dismiss Stark Winter and the claims against it, the Court sever the

plaintiffs' claims against Stark Winter and transfer such claims to the United States District Court for the District of Colorado under 28 U.S.C. § 1406 and Fed. R. Civ. P. 21.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion To Extend Response Deadlines and For Leave To Conduct Jurisdictional Discovery (Filing No. 47) is granted.

2. The plaintiffs may serve interrogatories and requests for production upon the defendant, Stark Winter pertaining solely to personal jurisdiction issues **by November 14, 2007**.  Stark Winter is to respond to the interrogatories and requests for production **on or before December 14, 2007**.  The plaintiffs shall have **until December 24, 2007** to analyze Stark Winter's responses.

3. If the plaintiffs deem it necessary, Stark Winter shall be required to produce a 30 (b)(6) witness for examination limited to specific topics concerning minimum contacts with Nebraska at its attorney's office in Denver, Colorado **on or before January 11, 2008.**  Accordingly, the plaintiffs shall have **on or before January 31, 2008** to file their brief and index of evidence in opposition to Stark Winter's motion to dismiss**.**  If the plaintiffs do require Stark Winter to produce 30(b)(6) witnesses for examination on the topic of minimum contacts with Nebraska, the plaintiffs shall have **on or  before January 11, 2008** to file their brief and index of evidence in opposition to Stark Winter's motion to dismiss**.**

4. The court will address the plaintiff's request to sever the plaintiff's claims against Stark Winter and transfer such claims to the United States District Court for the District of Colorado under 28 U.S.C. § 1406 and Fed. R. Civ. P. 21 in its ruling on Stark Winter's motion to dismiss.

DATED this 5th day of November, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge