# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILLARD F. BREHM, Trustee of the Willard F. Brehm Trust, and GLADYS M. BREHM, Trustee of the Gladys M. Brehm Trust, ALVENA T. FROST, ALVENA T. FROST, Trustee of the Alvena T. Frost Trust, ARLIN STUTHEIT, RICHARD HAUBERG, ELAINE HAUBERG, and GARY RADEMACHER and PAMELA RADEMACHER, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CAPITAL GROWTH FINANCIAL, INC., REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., CAPITAL GROWTH EQUITY FUND I, LLC, ALAN JACOBS, MICHAEL JACOBS, GERALD, PARKER, JOHN BOYCE, GERALDINE MAGALDINCK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP,**<br><br>Defendants. | 8:07CV254<br><br>(CLASS ACTION)<br><br><br><br><br><br><br><br><br><br>**CONSENT PROTECTIVE ORDER** |

WHEREAS, discovery in the above-captioned action has and may continue to involve the production of documents and information which the parties claim to be confidential and the parties desire to pursue discovery with a minimum of delay and expense.

**IT IS HEREBY AGREED AND ORDERED:**

1. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever including, but not limited to documents produced by the producing party to this action whether pursuant to Rule 34, subpoena or by agreement.

2. The following documents and every portion thereof, produced by Stark Winter Schenkein & Co. pursuant to Jurisdictional Discovery, shall be considered ("Confidential") for purposes of this Order:

  a) Stark Winter's telephone bills;

  b) Invoices provided by Stark Winter to its clients; and

  c) Stark Winter's client list.

The basis for maintaining the confidentiality of these documents is as follows:

  a) Stark Winter is an accounting firm registered under the laws of Colorado, and has its principal place of business in Denver, Colorado, as well as a satellite office located in Florida. Stark Winter provides various professional services to its clients, including tax compliance and planning, as well as audit work. Information contained in the Confidential records produced is not public and is maintained solely in the offices of Stark Winter. Public disclosure of the Confidential records could provide Stark Winter's competitors with following:

    1) The identity of Stark Winter's clients;

    2) The rates and fees Stark Winter charges to its clients for various services, and the dollar amount Stark Winter's clients spend on accounting services;

    3) By virtue of the telephone records one could determine those clients to whom Stark Winter is providing services, and perhaps the nature of the services provided to the clients, based on the frequency and duration of the telephone conversation Stark Winter has with those clients.

  If this information were made public, Stark Winter's competitors could use this previously undisclosed information to their advantage. If Stark Winter's competitors knew the amount Stark Winter charged to its clients, the time in which Stark Winter spends on services for its clients, and the types of services provided by Stark Winter to its clients, Stark Winter's competitors could use this information to Stark Winter's disadvantage in the event that any of Stark Winter's clients put their accounting work up for bid, as is common in the accounting industry.

  Such confidential documents shall be used by the non-producing parties only for the preparation for and conduct of proceedings herein and not for any business or other

purpose whatsoever. Confidential documents do not include information produced by Stark Winter pursuant to a valid waiver of privilege by the clients of Stark Winter. The non-producing party may challenge the confidentiality designation by (1) first attempting to informally resolve the designation dispute with counsel for the producing party within 15 days of such designation; and (2) if not informally resolved, then by filing an appropriate motion with the Court within 25 days after such disputed designation.

  3. No Confidential documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

  (a) counsel in this action and their employees;

  (b) the parties;

  (c) persons actually deposed or called to testify at any hearing or trial; and

  (d) outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of the proceedings herein.

  4. Before disclosure of any Confidential document is made to any person described in paragraphs 3(c) and 3(d) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed.

  5. No person to whom a document or information designated Confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, trial or other proceedings associated with this litigation.

  6. Any party or attorney for a party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

  7. Any document designated as Confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action. However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated Confidential document or information may be disclosed, and subject to any agreement or Court order otherwise,

there shall be no disclosure of the designated Confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material. Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

      8.      Should a document designated Confidential pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be filed in a sealed envelope or other sealed container marked with the title of litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

> By Order of the U.S. District Court for the District of Nebraska, dated January ___, 2008, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge, the parties or their attorneys, in this matter.

If Confidential information covered by this Order is referenced during a deposition or offered or used as an exhibit during a deposition, further use of the transcript of the deposition, including any attached Confidential exhibits, shall be filed under seal in the manner described above.

      9.      At the conclusion of all proceedings in this litigation, all Confidential documents governed by the terms of this Order (and all copies of such documents) shall be returned, from any person in possession thereof, to the producing party. The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further reorder of this court or until the producing party claiming confidentiality has waived the same in writing.

10. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Court order.

11. This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order or lawfully obtained from a third-party.

12. This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

13. The Court may, in its discretion, impose sanctions upon any person who grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief. However, sanctions shall not be imposed in the event of an inadvertent disclosure of Confidential documents.

DATED this 17th day of January 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

5

PREPARED AND SUBMITTED BY:

By:   s/ David A. Yudelson
   Gregory C. Scaglione, #19368
   David A. Yudelson, #23257
   KOLEY JESSEN P.C., L.L.O.
   1125 South 103rd Street
   Suite 800
   Omaha, NE  68124
   (402) 390-9500;
   (402) 390-9005 (facsimile)
   Greg.Scaglione@koleyjessen.com
   David.Yudelson@koleyjessen.com

APPROVED AS TO FORM AND CONTENT:

By:   Derek C. Zimmerman
   Randall L. Goyette, #16251
   W. Scott Davis, #10938
   Derek C. Zimmerman, #23697
   Baylor, Evnen, Curtiss,
     Grimit & Witt, LLP
   Wells Fargo Center
   1248 "O" Street, Suite 600
   Lincoln, NE  68508
   (402) 475-1075
   (402) 475-9515 (facsimile)
   rgoyette@baylorevnen.com
   wsdavis@baylorevnen.com

By: s/        James B. Cavanagh
   James B. Cavanagh, #10643
   Andrew G. Davis, #20370
   LIEBEN, WHITTED, HOUGHTON,
   SLOWIACZEK & CAVANAGH, P.C.,
   L.L.O.
   100 Scoular Building
   2027 Dodge Street
   Omaha, NE 68102
   (402) 344-4000
   (402) 344-4006 (facsimile)
   jCavanagh@liebenlaw.com

By: s/J.L. Spray
   J.L. Spray, #18405
   Robin L. Spady, #23240
   MATTSON, RICKETTS, DAVIES,
   STEWART & CALKINS
   134 South 13th Street, Suite 1200
   Lincoln, NE 68508-1901
   (402) 475-8433
   (402) 475-0105 (facsimile)
   jls@mattsonricketts.com

Attorneys for Lead Plaintiffs.

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| WILLARD F. BREHM, Trustee of the Willard F. Brehm Trust, and GLADYS M. BREHM, Trustee of the Gladys M. Brehm Trust, ALVENA T. FROST, ALVENA T. FROST, Trustee of the Alvena T. Frost Trust, ARLIN STUTHEIT, RICHARD HAUBERG, ELAINE HAUBERG, and GARY RADEMACHER and PAMELA RADEMACHER, on behalf of themselves and all others similarly situated, | 8:07CV254 <br><br> (CLASS ACTION) |
| Plaintiffs, | |
| v. | |
| CAPITAL GROWTH FINANCIAL, INC., REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., CAPITAL GROWTH EQUITY FUND I, LLC, ALAN JACOBS, MICHAEL JACOBS, GERALD, PARKER, JOHN BOYCE, GERALDINE MAGALDINCK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP, | **AFFIDAVIT** |
| Defendants. | |

I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

DATED this \_\_\_\_day of January, 2008.

_____
Relationship to this lawsuit:

STATE OF _____    )
                           ) ss.
COUNTY OF _____ )

    Subscribed and sworn to before me this _____ day of _____ 2008.

_____
Notary Public