IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br>   v.<br><br>CAPITAL GROWTH FINANCIAL, LLC, REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., ALAN JACOBS, MICHAEL JACOBS, GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP,<br><br>           Defendants. | 8:07CV254<br><br>ORDER |

      This matter is before the court on a motion to stay arbitrations, Filing No. 148, and a motion to take judicial notice, Filing No. 180, filed by defendants Capital Growth Financial, LLP ("CGF"), Alan Jacobs and Michael Jacobs. In support of their motion to stay arbitrations, defendants have shown that certain claims at issue in this litigation are the subject of arbitration actions pending against them before the Financial Industry Regulatory

Authority ("FINRA"). Filing No. 150, Index of Evidence, Ex. 1, Exs. A-G. At present, a class action has not been certified. A stay of arbitration would be premature at this stage of the proceeding. Accordingly, the motion will be denied.

With respect to the motion to take judicial notice, defendants ask the court to take judicial notice of certain documents when considering their motion to dismiss plaintiffs' First Amended Complaint. Plaintiffs oppose the motion.

A court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003). A judicially noticed fact must not be one subject to reasonable dispute. *Florida State Bd. of Admin. v. Green Tree,* 270 F.3d 645, 663 (8th Cir. 2001) (noting that courts have taken judicial notice of SEC filings if not offered for the truth of the matters asserted therein); *Kushner,* 317 F.3d at 831-32 (8th Cir. 2003) (finding judicial notice inappropriate in a securities fraud case where documents were not SEC filings and were offered for both their truth and the inferences to be drawn from them and one of the parties disputed those inferences).

The defendants ask the court to judicially notice certain confidential private placement and disclosure memoranda. The documents are offered for the truth of the matters asserted in them, and plaintiffs dispute the facts and inferences that the defendants attempt to establish through these documents. The court finds the documents are not proper subjects for judicial notice. Accordingly,

IT IS ORDERED:

1.	Defendants' motion to stay arbitration (Filing No. 148) is denied.

2.	Defendant's motion to take judicial notice (Filing No. 180) is denied.

DATED this 7th day of March, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge