IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYLE BREHM, et al., )<br>)<br>    Plaintiffs,       )<br>)<br>v.                         )<br>)<br>REBECCA ENGLE, et al., )<br>)<br>    Defendants.    ) | 8:07CV254<br><br>ORDER |

This matter comes before the court on Rebecca Engle's Motion to Set Aside Default (Filing No. 242). Engle filed a brief (Filing No. 243) and an index of evidence (Filing No. 244) in support of the motion. No party opposed the motion and no other party participated in briefing.

On June 29, 2007, the plaintiffs filed a complaint naming Engle, among others, as a defendant. **See** Filing No. 1. Engle was served by first-class mail to an address in Arizona on October 29, 2007. **See** Filing No. 129. Engle was also served by first-class mail to an address in Nebraska. **See** Filing No. 130. Engle was personally served on November 6, 2007, in Arizona. **See** Filing No. 139. On January 11, 2008, Engle filed an answer through an attorney, however the document was not signed. **See** Filing No. 151. Counsel for Engle was notified of the deficiency, but the deficiency was never cured. **See** Filing No. 152. On January 22, 2008, the plaintiffs filed an amended complaint. **See** Filing No. 161. Engle did not respond to the amended complaint. On March 6, 2008, the plaintiffs moved for clerk's entry of default against Engle and other defendants. **See** Filing Nos. 197-201. On March 10, 2008, the Clerk of Court entered default against Engle, pursuant to Fed. R. Civ. P. 55(a). **See** Filing No. 212. No judgment has been entered.

On April 29, 2008, Engle moved to set aside the default. Engle states she employed counsel, Karen L. Tibbs Nnawulezi (Ms. Tibbs) to represent her when Engle became aware of this litigation. Ms. Tibbs had previously represented Engle in a number of other matters. Ms. Tibbs and Engle discussed this matter several times and Ms. Tibbs assured Engle all necessary legal documents had been or were being filed. All communication with Ms. Tibbs stopped on February 3, 2008. Engle continued to attempt contact through mail,

email and by telephone, however Ms. Tibbs did not respond.  Engle later learned Ms. Tibbs had died unexpectedly on March 10, 2008.  Since that time, Engle made a good faith effort to retain substitute counsel, Bellovin & Karnas, P.C., who intends to file an answer on behalf of Engle, if leave to do so is permitted.  Engle contends good cause exists to set aside the entry of default because the circumstances surrounding Engle's delay were out of her control, she can assert a meritorious defense, and the brief delay will not prejudice the plaintiffs.

An entry of default may be set aside "for good cause shown."  Fed. R. Civ. P. 55(c).  Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment.  ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998).  There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits."  ***Id.*** at 784.  After all, the judicial preference is to adjudicate claims on the merits.  ***Oberstar v. F.D.I.C.***, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  ***Johnson***, 140 f.3d at 783; ***see also C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer").  Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits.  **See** Fed. R. Civ. P. 6(b), 55(c).

Under the circumstances here, the court will grant the motion to set aside entry of default.  The delay caused by Engle's failure to file a timely answer will not affect the progression of this matter as other defendants have filed motions to dismiss, which are not yet resolved.  Additionally, Engle promptly reacted to the entry of default and diligently pursued resolution of her problems with legal representation.  Engle, herself, did not

engage in any conduct to cause the delay, i.e., the delay was out of her control, rather than a willful flaunting of the deadline. **See *In re Jones Truck Lines, Inc.***, 63 F.3d 685, 687 (8th Cir. 1995). The delay, here, was the result of excusable neglect occasioned by the illness and subsequent death of Engle's original counsel. Finally, Engle contends she has an arguably meritorious defense, that is she can proffer evidence which would permit a finding for her. There is no dispute Engle has met her burden and the motion to set aside should be granted. Upon consideration,

    **IT IS ORDERED**:

    1.    Rebecca Engle's Lead Motion to Set Aside Default (Filing No. 242) is granted.

    2.    The Clerk of Court shall modify the docket to show that default is hereby set aside.

    3.    Rebecca Engle shall have to **on or before June 9, 2008**, to file an answer to the amended complaint.

    DATED this 22nd day of May, 2008.

                                            BY THE COURT:

                                            s/ Thomas D. Thalken
                                            United States Magistrate Judge