IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | 8:07CV254 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) ) | |
| CAPITAL GROWTH FINANCIAL, LLC, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., ALAN JACOBS, MICHAEL JACOBS, GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' motion for preliminary approval of a proposed partial settlement agreement with defendants Capital Growth Financial and Alan and Michael Jacobs, Filing No. 272.  This is a class action for securities fraud pursuant to 15 U.S.C. § 77 *et seq*.  The case has now been certified as a class action. Filing No. 299.  The proposed partial settlement agreement has been filed under seal,

Filing No. 277).  Defendant Stark Winter has withdrawn its objection to the settlement agreement.  Filing No. 300.

In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice.  Manual of Complex Litigation (Fourth) § 21.632 (2004); *see also* Fed. R. Civ. P. 23(e).  First, the judge must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing.  *Id.*  After an agreement is preliminarily approved, the second step of the process ensues:  notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval.  *Id.*

A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 931 (8th Cir. 2005).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  *Id*. at 934.  The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995).  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

The proposed settlement between the plaintiff class and defendants Capital Growth Financial and Alan and Michael Jacobs appears, on preliminary review, to be within the

2

range of reasonableness and, accordingly, the court finds the proposed partial settlement shall be submitted to class members for their consideration and a hearing under Fed. R. Civ. P. 23(e).  Accordingly,

IT IS ORDERED:

1.  The plaintiffs' motion for preliminary approval of proposed partial settlement agreement (Filing No. 272) is granted.

2.  The proposed partial settlement agreement with defendants Capital Growth Financial and Alan and Michael Jacobs (Filing No. 277) is preliminarily approved.

3.  Plaintiffs shall submit a proposed notice of proposed settlement and fairness hearing to the court for approval within 14 days of the date of this order.

DATED this 21st day of July, 2009.

BY THE COURT:


s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE