IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | 8:07CV254 |
| v. | MEMORANDUM AND ORDER |
| CAPITAL GROWTH FINANCIAL, LLC, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., ALAN JACOBS, MICHAEL JACOBS, GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, PATRICK HARRINGTON, PETER KIRSCHNER, and STARK WINTER SCHENKEIN & CO., LLP, | |
| Defendants. | |

This matter is before the court on the plaintiffs' motion for preliminary approval of a proposed partial settlement agreement with defendant Peter Kirschner. Filing No. 383. This is a class action for securities fraud pursuant to 15 U.S.C. § 77 *et seq*. The proposed partial settlement agreement has been filed. Filing No. 385, Settlement Agreement. Lead plaintiffs have shown that the proposed partial settlement in the best interests of the plaintiff Class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation with Kirschner, and Kirschner's poor

financial condition and lack of insurance coverage. *See* Filing No. 385, Affidavit of Gregory Scaglione and J.L. Spray.

In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632 (2004); *see also* Fed. R. Civ. P. 23(e). First, the judge must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id*. at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1178 (8th Cir. 1995). A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996).

The proposed settlement between the plaintiff class and defendant Peter Kirschner appears, on preliminary review, to be within the range of reasonableness and, accordingly, the court finds the proposed partial settlement shall be submitted to class members for their consideration and a hearing under Fed. R. Civ. P. 23(e). Accordingly,

IT IS ORDERED:

1. The plaintiffs' motion for preliminary approval of proposed partial settlement agreement (Filing No. 383) is granted.

2. The proposed partial settlement agreement with defendant Peter Kirschner (Filing No. 385) is preliminarily approved.

3. A Notice of Proposed Partial Settlement of Class Action & Fairness Hearing in substantially the same form as that approved in Filing No. 321 is approved.

4. The court will hold a fairness hearing on **October 14, 2010, at 8:30 a.m.,** in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

5. The Notice of Proposed Partial Settlement of Class Action & Fairness Hearing shall include the date of the hearing and shall specify that any class members' notice of intention to appear and be heard at the Fairness Hearing must be filed with the court no later than **October 7, 2010.**

6. Within 7 days of the date of this order, class counsel shall mail (in the name of the clerk of court, by first class mail, postage prepaid) the Notice of Proposed Partial Settlement of Class Action & Fairness Hearing, in substantially the form approved by the court, to all class members.

7. Within 7 days of the date of the mailing of the notice, class counsel shall file an affidavit identifying the persons to whom notice has been mailed.

DATED this 3rd day of September, 2010.

BY THE COURT:

s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.