IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BUCKLEY, on behalf of himself, collectively on behalf of themselves and all others similarly situated, REX WELDON, collectively on behalf of themselves and all others similarly situated, JILL SCHUNEMAN, on behalf of herself and collectively on behalf of themselves and all others similarly situated, and LYLE BREHM, collectively on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, Inc., AMERICAN CAPITAL Corporation, ROYAL PALM CAPITAL GROUP, INC., ALAN JACOBS, MICHAEL JACOBS, GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, PATRICK HARRINGTON, PETER KIRSCHNER, STARK WINTER SCHENKEIN & CO., LLP, and CAPITAL GROWTH FINANCIAL, LLC,<br><br>    Defendants. | 8:07CV254<br><br>ORDER |

  This matter is before the court for final approval of a proposed partial settlement agreement with defendant Peter Kirschner. This is a class action for securities fraud pursuant to 15 U.S.C. § 77 *et seq*.

  I. Facts

  The case has been certified as a class action. Filing No. 299, order approving class; Filing No. 311, order approving notice of class certification. This court preliminarily approved the proposed partial settlement agreement with defendant Peter Kirschner and

approved notice of the settlement and fairness hearing thereon.  Filing No. 388, order preliminarily approving proposed partial settlement and notice; Filing No. 385, proposed partial settlement agreement.  The Notice of the Proposed Partial Settlement of Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 393, Affidavit of J.L. Spray (certificate of service).

A fairness hearing was held on October 14, 2009. Attorney David Yudelson appeared as lead counsel for the lead plaintiffs.  No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object.  The court takes judicial notice of the settlement agreement and the affidavit of counsel, Filing No. 385.

The settlement agreement will settle lead plaintiffs' claims against defendant Peter Kirschner in this action and in the case of *Willard Brehm, et al. v. First Clearing, L.L.C*, Case No, CI09-325, currently pending in the District Court of Otoe County, Nebraska. *Id.* at 2.  The agreement provides for payment of $5,000 in monthly payments of $500 per month beginning on September 1, 2010. *Id.* at 3.  It also provides that Kirschner will cooperate with the plaintiffs by providing testimony, documents and information regarding the plaintiffs' claims against nonsettling defendants in this class action and in pending arbitration actions. *Id.* at 5.  The plaintiffs reserve the right to reinstate this action should Kirschner fail to cooperate or to make the required payments.

In consideration of those payments and Kirschner's cooperation, plaintiffs agree to dismiss, without prejudice, the claims identified in this class action against Kirschner, as well as claims against Kirschner in the state court action. *Id*.

Counsel for lead plaintiffs represent 165 of the 190 members of the class. The plaintiffs have shown that the proposed partial settlement is the product of several months of arm's-length negotiations. *See* Filing No. 385, Affidavit of Gregory C. Scaglione and J.L. Spray at 1-2. Plaintiffs' lead counsel have investigated Kirschner's financial condition to ensure that the proposed settlement maximizes recovery. *Id.* at 2-3. Lead counsel have shown that, because of the anticipated time and expense of protracted litigation and Kirschner's poor financial condition, the proposed partial settlement is in the best interests of the plaintiff Class. *Id.* at 3. Importantly, Kirschner has agreed to use good faith efforts to recall and learn of facts and documents that would assist the Class in making claims against the remaining defendants and to disclose and produce such information and related documentation to the Class so as to assist them in prosecuting their claims against those defendants. *Id.* at 2.

II. Law

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*,

[200 F.3d 1140, 1150 (8th Cir. 1999)](internal quotations omitted)).  A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion."  *Id*. at 934.  The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved.  *See DeBoer,* 64 F.3d at 1178.  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to district court.  *Id.* at 1176.

    III.   Analysis

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members.  The court has reviewed the notices and proofs of service and finds them satisfactory.  The court further finds that the partial settlement agreement with defendant Peter Kirschner is fair and reasonable. Based on the court's familiarity with the case throughout the course of this litigation, the court concludes that the proposed partial settlement is within the range of potential outcomes in this case.  The strength of plaintiffs' case against this defendant is tempered by the prospect that Kirschner's financial condition would make any potential judgment against him difficult to collect.  In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of Kirschner's cooperation in pursuing recovery from the nonsettling parties.  Further, there are no objections to the partial settlement.  Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly,

4

the court finds that the proposed partial settlement with defendant Kirschner should be approved.

IT IS ORDERED:

1. The proposed partial settlement agreement with defendant Peter Kirschner (Filing No. 385) is approved and incorporated herein by reference.

2. Pursuant to the settlement agreement (Filing No. 385), defendant Peter Kirschner is dismissed as a party defendant in this case.

3. The settlement proceeds shall be deposited in one of co-lead counsel's interest-bearing trust accounts and, unless otherwise ordered by the court, the settlement proceeds shall be held in trust for eventual distribution to the class members.

4. Nothing in this order is intended to waive, release or discharge any claims against the remaining defendants.

DATED this 14th day of October, 2010.

BY THE COURT:

s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.