IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:07CV254 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, LIANA DOBARGANES HARRINGTON and STARK WINTER SCHENKEIN & CO., LLP, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. A suggestion of bankruptcy has been filed on behalf of defendant Geraldine Megalnick. Filing No. 441. Pursuant to the local rules, an order was entered referring the case to the bankruptcy court for review. Filing No. 443. A petition filed for bankruptcy operates as a stay and is applicable to the continuation of a judicial proceeding against the debtor. *See* 11 U.S.C. § 362(a)(1). The automatic stay provision of the Bankruptcy Code stays an "action or proceeding against

the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . ."  11 U.S.C. § 362(a).

Ordinarily, under the local rules of the District of Nebraska, on "notification that a party to a civil case is a debtor in a bankruptcy case, the entire case is referred to the bankruptcy court for further action."  NEGenR 1.5(a)(1).  However, "[t]he district court may withdraw, in whole or in part, a reference under this rule on its own or a party's timely motion."  NEGenR 1.5(b).

In this case, a suggestion of bankruptcy was earlier filed by another defendant and the action was referred to bankruptcy court.  See Filing No. 246.  The bankruptcy court recommended that the district court could withdraw the reference of the case and allow the action to go forward without the defendant who filed for bankruptcy "unless and until the plaintiffs obtained relief from the automatic stay" from the bankruptcy court in which the proceeding was filed in order to pursue their litigation against her.  Filing No. 248, Report and Recommendation at 2.  This court did so.  Filing No. 255.

As a general proposition, the automatic stay provision of the Bankruptcy Code applies only to bar actions against the debtor and does not extend to solvent codefendants.  E.g., *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) ("Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances"); *Stephen Inv. Sec., Inc. v. S.E.C.*, 27 F.3d 339, 342 (8th Cir. 1994) (recognizing "automatic stay extends to claims against debtor but does not extend to non-bankrupt codefendants"); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 676 (8th Cir. 1992)(holding that the stay required by section 362 should extend only to claims against the debtor and that the stay is not available to nonbankrupt codefendants, even if they are in a similar legal or factual nexus with the debtor).

2

There are no "unusual circumstances" that warrant the extension of the automatic stay beyond defendant Megalnick to the remaining solvent codefendants.  The court is aware that a motion for approval of a proposed settlement was filed shortly before the suggestion of bankruptcy.  Filing No. 436.  In light of the court's familiarity with the protracted history of this litigation, the court finds it appropriate to refer only the action against Geraldine Megalnick to the bankruptcy court for further action, and to proceed with the litigation against the other defendants.  Accordingly,

IT IS ORDERED:

1.  The referral of this case to the United States District Court of the District of Nebraska is withdrawn with respect to all claims against defendants other than Geraldine Megalnick.

2.  The clerk of court is directed not to deny pending motions without prejudice to refiling via text order under NECivR 7.6.

DATED this 30th day of November, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.