IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BUCKLEY, on behalf of himself, collectively on behalf of themselves and all others similarly situated, REX WELDON, collectively on behalf of themselves and all others similarly situated, JILL SCHUNEMAN, on behalf of herself and collectively on behalf of themselves and all others similarly situated, and LYLE BREHM, collectively on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, Inc., AMERICAN CAPITAL Corp., ROYAL PALM CAPITAL GROUP, Inc., GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, STARK WINTER SCHENKEIN & CO., LLP, and LIANA DOBARGANES HARRINGTON,<br><br>Defendants. | 8:07CV254<br><br>MEMORANDUM AND ORDER |

This matter is before the court for final approval of a proposed partial settlement agreement with defendant Stark Winter Schenkein & Co., LLP ("Stark Winter"). This is a class action for securities fraud pursuant to 15 U.S.C. § 77 *et seq*.

I. Facts

The case has been certified as a class action. Filing No. 299, order approving class; Filing No. 311, order approving notice of class certification. This court preliminarily approved the proposed partial settlement agreement with defendant Stark Winter and approved notice of the settlement and fairness hearing thereon. Filing No. 445,

Memorandum & Order; Filing No. 440, proposed partial settlement agreement. The Notice of the Proposed Partial Settlement of Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 451, Affidavit of J.L. Spray (certificate of service).

A fairness hearing was held on January 20, 2011. Attorney Gregory Scaglione appeared as lead counsel for the lead plaintiffs. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The court takes judicial notice of the settlement agreement. Filing No. 440.

II. Law

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id*. at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. *See DeBoer,* 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where

all parties were fully aware of the merits. With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to the district court. *Id.* at 1176.

    III.   Analysis

The court has reviewed the proposed settlement agreement, Filing No. 440, Index of Evid. at 4-9, Settlement and Release Agreement (Doc # 440, Page ID ## 4428-32). The settlement agreement will settle lead plaintiffs' claims against defendant Stark Winter in this action and in the case of *Willard Brehm, et al. v. First Clearing, L.L.C*, Case No, CI09-325, currently pending in the District Court of Otoe County, Nebraska. *Id.* The agreement provides for payment to the class of $340,000 from insurance proceeds. The court finds that the partial settlement agreement with defendant Stark Winter is fair and reasonable.

Lead plaintiffs have shown that counsel for the parties have mediated this dispute and have negotiated the terms of a proposed settlement that maximizes Stark Winter's financial contribution. Filing No. 438, Index of Evid., Ex. A, Affidavit of Gregory Scaglione; Ex. B, Affidavit of J.L. Spray. Lead plaintiffs have also shown that the proposed settlement is in the best interests of the plaintiff class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation, and the fact that the insurance proceeds available are limited and are part of a "wasting" policy that diminishes as defense costs are incurred. *See id.* The strength of plaintiffs' case against this defendant is tempered by the fact that Stark Winter is a small accounting firm whose primary asset is the insurance policy, making any potential judgment against it difficult to collect. Based on the court's familiarity with the case throughout the course of this litigation, the court concludes that the proposed partial settlement is within the range of potential outcomes in this case.

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members. The court has reviewed the notices and proofs of service and finds them satisfactory. There are no objections to the partial settlement and 97% of potential claimants are represented in the class. Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the court finds that the proposed partial settlement with defendant Stark Winter should be approved.

IT IS ORDERED:

1. The proposed partial settlement agreement with defendant Stark Winter Schenkein & Co., LLP (Filing No. 440) is approved and incorporated herein by reference.

2. Pursuant to the settlement agreement (Filing No. 440), defendant Stark Winter Schenkein & Co., LLP is dismissed as a party defendant in this case.

3. Within 15 days of the date of this order, the settlement proceeds shall be deposited into the trust account of Mattson Ricketts Davies Stewart & Calkins and, unless otherwise ordered by the court, the settlement proceeds shall be held in trust for eventual distribution to the class members.

4. Nothing in this order is intended to waive, release or discharge any claims against the remaining defendants.

DATED this 21st day of January, 2011.

BY THE COURT:

s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.