IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on behalf of themselves and all others similarly situated,<br><br>                 Plaintiffs,<br>    v.<br><br>REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, and LIANA DOBARGANES HARRINGTON, in her capacity as sole heir or putative personal representative of the estate of Patrick Harrington, deceased,<br><br>                 Defendants. | 8:07CV254<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiffs' motion for attorneys' fees and costs from settlement proceeds held in trust, Filing No. 465. Plaintiffs move for an award of $113,333.33 in attorneys' fees earned as a result of the settlement with defendant Stark Winter, Schenkein & Co. ("Stark Winter"). That amount represents one-third of the settlement proceeds. *See* Filing No. 440, Index of Evid., Settlement and Release

Agreement at 2 (Doc # 440, Page ID # 4429). The notice of proposed partial settlement disseminated to the class included a statement that plaintiffs' lead counsel would ask the court "to award attorneys' fees not to exceed 1/3 of the Settlement Fund." Filing No. 451, Affidavit of J. L. Spray, Ex. A, Notice of Proposed Partial Settlement of Class Action & Fairness Hearing at 2 (Doc # 451-1, Page ID # 4459). The court is advised that lead plaintiffs have agreed to a contingency fee. *See* Filing No. 335, Memorandum and Order at 4. This court earlier approved fees in the amount of 1/3 of the settlement proceeds in connection with a partial settlement with another defendant. See Filing No. 335, Memorandum and Order at 7. The court has approved the settlement with defendant Stark Winter. Filing No. 445, Memorandum and Order. No objection or other response to the motion for an award of fees has been filed and the time for filing objections has expired.

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs,* 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.,* 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston,* 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.* The percentage-of-recovery methodology has been

2

approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038.

The requested fees were fully disclosed in the notice of settlement and no class members have objected to the settlement or the motion for fees. The plaintiffs have demonstrated that counsels' services have benefitted the class. Based on its familiarity with the litigation, a fee of approximately 33% of the monetary benefits recovered thus far seems reasonable.[1] The court finds that plaintiffs' motion for an award of attorneys' fees should be approved and fees in the amount of $113,333.33 should be awarded.

Lead plaintiffs also seek reimbursement of $45,294.36 in costs and expenses. They have submitted a summary of expenses and costs as well as copies of statements and receipts. *See* Filing No. 465, Ex. A, Summary of Expenses and Costs (Doc # 465-1, Page ID # 4545-53). The court has reviewed the submissions and finds that the costs, mediation fees, local counsel fees, travel expenses, court reporter fees, expert witness fees, and other expenses incurred are fair and reasonable and were necessary to prosecute the claims on behalf of the class. The court finds that the plaintiffs' motion for reimbursement should be granted.

---

[1] The court does not mean to suggest that this rate is appropriate with respect to attorneys' fees for funds remaining to be recovered. Future fee applications will be considered on their individual merits.

IT IS ORDERED:

1. Co-lead counsel Gregory C. Scaglione, J. L. Spray and James Cavanagh are awarded attorneys' fees in the amount of $113,333.33.

2. Plaintiffs' counsel is authorized to reimburse Gregory C. Scaglione, J. L. Spray, and James Cavanagh and/or their respective law firms, the sum of $45,294.36 for costs and expenses from the settlement proceeds held in trust.

2. Plaintiffs' counsel may withdraw attorneys' fees in the amount of $113,333.33 and costs in the amount of $45,294.36 from the settlement proceeds maintained in Mattson Ricketts interest-bearing trust account at First National Bank in Omaha, Nebraska.

3. The remaining balance of the settlement proceeds shall be held in one or more trust accounts of the co-lead counsel for the plaintiffs.

DATED this 30th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.