IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LYLE BREHM, on behalf of Willard F. Brehm, Gladys M. Brehm, the Willard F. Brehm Revocable Trust and the Gladys M. Brehm Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, and DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, collectively on ehalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>       v.<br><br>REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL CORPORATION, ROYAL PALM CAPITAL GROUP, INC., GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, and LIANA DOBARGANES HARRINGTON, in her capacity as sole heir or putative personal representative of the estate of Patrick Harrington, deceased,<br><br>                    Defendants. | 8:07CV254<br><br>MEMORANDUM AND ORDER |

This matter came before the court for trial on April 18 and 22, 2011. See Filing No. 466, Order on Final Pretrial Conference; Filing No. 475, order denying continuance; Filing No. 478, minute entry. This is an action for securities fraud. This court previously certified the action as a class action Fed. R. Civ. P. Rule 23(b)(1) and (b)(3). Filing No. 299.

Co-Lead Counsel Gregory C. Scaglione and J.L. Spray, appeared on behalf of lead plaintiffs Lyle Brehm, David Buckley, Jill Schuneman, and Rex Weldon. No defendant or defense counsel appeared.

Counsel for lead plaintiffs have shown that a settlement has been reached with John Boyce and Geraldine Magalnick that will result in the dismissal of those defendants, after resolution of pending motions to approve those settlements. See Filing No. 467 & Filing No. 479. This court has previously dismissed defendants Capital Growth Financial, LLC, Alan Jacobs, Michael Jacobs, Peter Kirschner and Stark Winter Schenkein & Co., LLP. Defendant Rebecca Engle has filed bankruptcy and the action against her has been stayed. The court is advised that lead plaintiffs are pursuing recourse against her in the bankruptcy proceeding.

Defendants Brian Schuster, Engle & Schuster Financial, Inc., American Capital Corporation, Royal Palm Capital Group, Inc., are currently in default pursuant to Clerk's entries of default. *See* Filing Nos. 104, 108, 118, 119, and 213. The record shows that defendant Gerald Parker has not filed an answer to the First Amended Complaint, failed to appear at the final pretrial conference and failed to appear at the trial set for April 18, 2011, and April 22, 2011. Defendant Liana Dobarganes Harrington, who was substituted for defendant Patrick Harrington, deceased, as the apparent sole heir and personal representative of his estate, also failed to file a response to the First Amended Complaint, and failed to appear at the final pretrial conference or the trial. Conduct such as failure to respond to discovery and to comply with discovery or other orders and pretrial requirements, and failure to attend a final pretrial conference, much less a trial, are "certainly grounds for default judgment." *Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86*

F.3d 852, 956 (8th Cir. 1996). Accordingly, the court finds defendants Brian Schuster, Engle & Schuster Financial, Inc., American Capital Corporation, Royal Palm Capital Group, Inc., are in default and default judgment should be entered against those defendants. Further, defendants Parker and Harrington have failed to defend against the plaintiffs' claims and the plaintiffs are entitled to a judgment against those defendants as well.

Lead plaintiffs submit that the facts set out in the order on pretrial conference establish that the defendants are liable for securities fraud. No objections were filed to the recitation of uncontroverted facts. The court finds the record supports a finding in favor of the plaintiffs and against the remaining defendants on the plaintiffs' claims.

Defendants have offered, and the court has received, the expert witness report of Janet M. Labenz to establish the plaintiffs' damages. *See* Ex. 254. In her report, Ms. Labenz has calculated the plaintiffs' investment to be $21,246,050.00, and has calculated damages at the statutory 6% rate of return under Neb. Rev. Stat. § 8-1118, as well as the under the Standard & Poor's Depositary Receipts Exchange Traded Fund rate of return, from the dates of those investments. *See* Ex. 254. In securities fraud cases, a rescissional remedy, or some other measure of damages in the nature of restitution, may be applied. *Austin v. Loftsgaarden*, 675 F.2d 168, 180-81 (8th Cir. 1982) (noting that the function of the court is to fashion the remedy best suited to the harm). The court finds the statutory rate of return of 6% under Nebraska law is appropriate in this case. *See* Neb. Rev. Stat. § 8-1118(1). Lead plaintiffs have shown that plaintiffs have suffered actual damages in the amount of $30,352,111.00 from the date of their investment to November 30, 2010. See Ex. 254, Expert Witness Report at 3; Attachment 1 at 14.

The court finds that judgment should be entered against defendants Brian Schuster, Engle & Schuster Financial, Inc., American Capital Corporation, Royal Palm Capital Group, Inc., Gerald Parker and Liana Dobarganes Harrington, as the apparent sole heir and personal representative of Patrick Harrington, deceased, jointly and severally, in the amount of $30,353,111.00. Accordingly,

IT IS ORDERED:

1. The court finds defendants Brian Schuster, Engle & Schuster Financial, Inc., American Capital Corporation, Royal Palm Capital Group, Inc., Gerald Parker and Liana Dobarganes Harrington, as apparent sole heir and personal representative of Patrick Harrington, deceased, are in default and the plaintiffs are entitled to judgment.

2. A judgment in conformity with this Memorandum and Order will be entered this date.

DATED this 25th day of April 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.