IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID BUCKLEY, on behalf of himself, the Robert L. McKissick Irrevocable Trust and the Brenda L. Buckley Revocable Trust, REX WELDON, on behalf of Nancy Weldon, Robert Clark Weldon and the Robert Clark Weldon and Nancy Weldon Trust, and JILL SCHUNEMAN, on behalf of herself and the Jill Schuneman Living Trust, collectively on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>REBECCA ENGLE, BRIAN SCHUSTER, ENGLE & SCHUSTER FINANCIAL, INC., AMERICAN CAPITAL Corp., ROYAL PALM CAPITAL GROUP, INC., GERALD PARKER, JOHN BOYCE, GERALDINE MAGALNICK, and LIANA DOBARGANES HARRINGTON, in her capacity as sole heir or putative personal representative of the estate of Patrick Harrington, deceased,<br><br>  Defendants. | 8:07CV254<br><br>MEMORANDUM AND ORDER |

This matter is before the court for final approval of a proposed partial settlement agreement with defendant John Boyce. This is a class action for securities fraud pursuant to 15 U.S.C. § 77 *et seq*.

I. Facts

The case has been certified as a class action. Filing No. 299, order approving class; Filing No. 311, order approving notice of class certification. This court preliminarily approved the proposed partial settlement agreement with defendant Boyce and approved notice of the settlement and fairness hearing thereon. Filing No. 472, order preliminarily

approving proposed partial settlement and notice; Filing No. 469, Index of Evid., Attachment 1, Settlement Agreement (Doc # 469-1, Page ID # 4650-59). The Notice of the Proposed Partial Settlement of Class Action & Fairness Hearing was provided to members of the class by first class U.S. mail. Filing No. 476, Affidavit of J.L. Spray (certificate of service).

A fairness hearing was held on April 28, 2011. Attorney Gregory Scaglione appeared as lead counsel for the lead plaintiffs. No objections to the proposed partial settlement or notices of intent to appear were filed, and no one appeared at the hearing to object. The court takes judicial notice of the settlement agreement. Filing No. 469, Index of Evid., Attachment 1, Settlement Agreement (Doc # 469-1, Page ID # 4650-59).

The settlement agreement will settle lead plaintiffs' claims against defendant John Boyce in this action and in the case of *Willard Brehm, et al. v. First Clearing, L. L. C*, Case No, CI09-325, currently pending in the District Court of Otoe County, Nebraska. *Id.* at 2. The agreement provides for payment of $12,500 in monthly payments of $250.00 per month beginning on the first day of the month following the entry of this Order approving the settlement agreement. *Id.* at 3. It also provides that Boyce will cooperate with the plaintiffs by providing testimony, documents and information regarding the plaintiffs' claims against nonsettling defendants in this class action and in pending arbitration actions. *Id.* at 5. The plaintiffs reserve the right to reinstate this action should Boyce fail to cooperate or to make the required payments. In consideration of those payments and Boyce's cooperation, plaintiffs agree to dismiss, without prejudice, the claims identified in this class action against Boyce, as well as claims against Boyce in the state court action. *Id.* Counsel for lead plaintiffs represent 165 of the 190 members of the class. The plaintiffs have shown that the proposed partial settlement is the product of several months of arm's-length negotiations. *See* Filing No. 470, Affidavit of Gregory C. Scaglione and J.L.

Spray at 1-2. Plaintiffs' lead counsel have investigated Boyce's financial condition to ensure that the proposed settlement maximizes recovery. *Id.* at 2-3. Lead counsel have shown that, because of the anticipated time and expense of protracted litigation and Boyce's poor financial condition, the proposed partial settlement is in the best interests of the plaintiff Class. *Id.* at 3. Importantly, Boyce has agreed to use good faith efforts to recall and learn of facts and documents that would assist the Class in making claims against the remaining defendants and to disclose and produce such information and related documentation to the Class so as to assist them in prosecuting their claims against those defendants. *Id.* at 2.

II. Law

In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995). A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id.* at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999) (internal quotations omitted)). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id*. at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and

whether a skilled mediator was involved. See *DeBoer,* 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. With respect to notice, due process is satisfied where class members receive notice of a settlement proposal and are able to argue their objections to the district court. *Id.* at 1176.

III. Analysis

The court has reviewed the proposed settlement agreement, Filing No. 469, Index of Evid. , Attachment 1, Settlement Agreement. The settlement agreement will settle lead plaintiffs' claims against defendant John Boyce. In addition to providing some monetary compensation to class members, the proposed settlement provides the important benefit of Boyc's cooperation in pursuing recovery from the nonsettling parties. Further, there are no objections to the partial settlement. The court finds the partial settlement agreement with defendant Boyce is fair and reasonable. Based on the court's familiarity with the case throughout the course of this litigation, the court concludes that the proposed partial settlement is within the range of potential outcomes in this case.

The court finds that the requirements of due process have been met as to the method and content of the notice to the class members. The court has reviewed the notices and proofs of service and finds them satisfactory. There are no objections to the partial settlement and most potential claimants are represented in the class. Under the circumstances, the court finds the settlement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the court finds that the proposed partial settlement with defendant Boyce should be approved.

IT IS ORDERED:

1. The proposed partial settlement agreement with defendant John Boyce (Filing No. 469) is approved and incorporated herein by reference.

2. Pursuant to the Settlement Agreement (Filing No. 469), defendant John Boyce is dismissed as a party defendant in this case.

3. The settlement proceeds shall be deposited into the trust account of Mattson Ricketts Davies Stewart & Calkins and, unless otherwise ordered by the court, the settlement proceeds shall be held in trust for eventual distribution to the class members.

4. Nothing in this order is intended to waive, release or discharge any claims against the remaining defendants.

DATED this 3rd day of May, 2011.

BY THE COURT:

s/Joseph F. Bataillon
CHIEF DISTRICT JUDGE

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.